Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaacphdez@gmail.com

*Attorney for Plaintiff Juan Vallejo*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Joaquin Fontes and Arturo Ruiz,<br><br>Plaintiffs,<br><br>vs.<br><br>Drywood Plus, Inc. and John Berry,<br><br>Defendants. | Case No. _____<br><br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**COMES NOW** Plaintiffs Joaquin Fontes and Arturo Ruiz ("Plaintiffs), in support of their Complaint against Defendants Drywood Plus, Inc. and John Berry ("Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action to recover unpaid compensation and other appropriate relief from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Arizona Wage Act ("AWA"), A.R.S. §23-350, *et seq*. Plaintiffs contends that Defendants failed to compensate Plaintiffs at one-and-a-half times their regular hourly rate when they worked more than forty hours in a workweek ("overtime rate"), and failed to pay them at all for certain time

periods worked, thereby depriving Plaintiffs of compensation to which they are entitled.  Plaintiffs further allege they were unlawfully terminated in violation of the FLSA's anti-retaliation provision, 29 U.S.C. §215(a)(3), and the Arizona Employment Protection Act ("AEPA"), A.R.S. §23-1501, because they complained to managers and supervisors about Defendants' failure to pay them at the overtime rate when they worked more than 40 hours per week.  Plaintiffs seek declaratory relief, backpay for nonpayment and underpayment of wages, liquidated damages, attorney's fees and costs, and other relief available under the FLSA, AWA, AEPA, and any other applicable law.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiffs' federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Jurisdiction over Plaintiff's state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the acts, events, or omissions giving rise to Plaintiffs claims occurred in whole, or in part, in Maricopa County, Arizona, and because Defendants maintain places of business in, and regularly conduct business in Maricopa County, Arizona, and throughout the geographic region comprising this judicial district.

## PARTIES

5. Defendant Drywood Plus, Inc. ("Defendant Drywood"), an Arizona corporation doing business as Berry Bros. Firewood Co., is a manufacturer, seller, and distributor of firewood and other wood products throughout the State of Arizona.

6. Defendant John Berry ("Defendant Berry") is the owner of Defendant Drywood and was at all times relevant to this action a resident of Maricopa, Arizona.

7. At all times relevant herein, Defendants qualified as "employers" as

Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
602.753.2933

defined in 29 U.S.C. § 203(d), and thus subject to the requirements of the FLSA, 29 U.S.C. §201, *et seq*.

8. At all times relevant herein, Defendants qualified as "employers" as defined in A.R.S. §23-350(3), and thus subject to the requirements of the Arizona Wage Act, A.R.S. §23-350, *et seq*.

## FACTUAL BACKGROUND

9. Plaintiff Ruiz had been employed by Defendants for nearly 23 years at the time of his termination in March 2013.

10. At the time of his termination, Plaintiff Ruiz was earning $14.00 per hour.

11. Plaintiff Fontes had been employed by Defendants for nearly 14 years at the time of his termination in February 2013.

12. At the time of his termination, Plaintiff Fontes was earning $12.50 per hour.

13. Plaintiffs generally worked as laborers at the Defendants' facility located at 5317 E. Washington Street, Phoenix, Arizona, 85034, manufacturing wood products and preparing products for sale.

14. Plaintiffs would also accompany drivers to various locations in Maricopa County and surrounding areas to pick up materials and deliver products to customers.

15. During the busy season (between August and March each year) Plaintiffs regularly worked between 45 and 60 hours per week.

16. Defendants failed to pay Plaintiffs at the overtime rate when they worked more than 40 hours per week, and failed to pay them at all for certain time periods worked.

17. Sometime in February 2013, Plaintiffs met with Defendant Barry and complained to him about Defendants' failure to pay Plaintiffs and other employees the overtime rate when they worked more than 40 hours per week.  Plaintiff Fontes

Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
602.753.2933

was terminated that same day.

18. About four weeks later, Plaintiff Ruiz met with Defendant Barry and complained to him about Defendants' failure to pay Plaintiffs and other employees at the overtime rate when they worked more than 40 hours per week, and the decision to discharge Plaintiff Fontes for complaining about unpaid wages and overtime. Plaintiff Ruiz was terminated that same day.

## FIRST CAUSE OF ACTION
## (FLSA-Unpaid Wages and Overtime)

19. Plaintiffs incorporate by reference Paragraphs 1 through 18 of this Complaint as if specifically set forth herein.

20. By failing to pay Plaintiffs the overtime rate for all hours worked in excess of 40 hours per workweek, and failing to pay Plaintiffs at all for certain time periods worked, Defendants violated their rights under the FLSA, including but not limited to 29 U.S.C. §207.

21. Defendants' failure to pay Plaintiffs the overtime rate when they worked more than 40 hours per week and failure to pay Plaintiffs at all for certain time periods worked, was knowing, willful, and in reckless disregard of their rights under the FLSA.

## SECOND CAUSE OF ACTION
## (AWA-Unpaid Wages and Overtime)

22. Plaintiffs incorporate by reference Paragraphs 1 through 21 of this Complaint as if specifically set forth herein.

23. By failing to pay Plaintiffs the overtime rate for all hours worked in excess of 40 hours per workweek, and failing to pay Plaintiffs at all for certain time periods worked, Defendants violated their rights under AWA, including but not limited to, A.R.S. §23-350.

24. Defendants' failure to pay Plaintiffs the overtime rate when they worked more than 40 hours per week and failure to pay Plaintiffs at all for certain

time periods worked, was knowing, willful, and in reckless disregard of their rights under AWA.

### THIRD CAUSE OF ACTION
### (FLSA-Retaliation)

25. Plaintiffs incorporate by reference Paragraphs 1 through 24 of this Complaint as if specifically set forth herein.

26. By terminating Plaintiff Fontes's employment after he and Plaintiff Ruiz complained to Defendant Barry about Defendants' failure to pay Plaintiffs and other employees the overtime rate when they worked more than 40 hours per week, Defendants violated his rights under the FLSA, 29 U.S.C. §215(a)(3).

27. By terminating Plaintiff Ruiz's employment after he complained to Defendant Barry about Defendants' failure to pay Plaintiffs and other employees the overtime rate when they worked more than 40 hours per week, and the termination of Plaintiff Fontes for complaining about the same, Defendants violated his rights under the FLSA, 29 U.S.C. §215(a)(3).

28. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiffs' rights. Accordingly, Plaintiffs seek punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (AEPA-Retaliation)

29. Plaintiff incorporates by reference Paragraphs 1 through 28 of this Complaint as if specifically set forth herein.

30. By terminating Plaintiff Fontes's employment after he and Plaintiff Ruiz complained to Defendant Barry about Defendants' failure to pay Plaintiffs and other employees when they worked more than 40 hours per week, Defendants violated his rights under the AEPA, A.R.S. §23-1501.

31. By terminating Plaintiff Ruiz's employment after he complained to

Defendant Barry about Defendants' failure to pay Plaintiffs and other employees when they worked more than 40 hours per week, and the termination of Plaintiff Fontes for complaining about the same, Defendants violated his rights under the AEPA, A.R.S. §23-1501.

32. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiffs' rights. Accordingly, Plaintiffs seek punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray for relief against Defendants, jointly and severally, as follows:

A. Declare that Defendants violated the FLSA and/or AWA by failing to pay Plaintiffs for all hours of work;

B. Declare that Defendants violated the FLSA and/or AWA by failing to pay Plaintiffs the overtime rate for all hours worked in excess of 40 hours per work week;

C. Award Plaintiffs payment for all unpaid wages and overtime;

D. Award Plaintiffs liquidated damages the FLSA and/or AWA;

E. Award Plaintiffs back pay, front pay, any other available compensatory damages, and punitive damages;

F. Order Defendants to pay reasonable attorney's fees and costs;

G. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

H. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendants; and

I. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiffs.

Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
602.753.2933

## JURY DEMAND

Plaintiffs demand a jury trial.

Respectfully submitted this 15th day of September 2013.

                              Hernandez Law Firm, PLC


                      By:  /s/ Isaac P. Hernandez
                           Isaac P. Hernandez
                           Attorney for Plaintiffs

Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
602.753.2933