**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Arturo Ruiz and Joaquin Fontes ("Plaintiffs") on the one hand and Drywood Plus, Inc. dba Berry Bros. Firewood Co. and John Berry on the other ("Defendants") (collectively, the "parties").

WHEREAS, Defendants previously employed the Plaintiffs until early 2013;

WHEREAS, in May 2013, after Plaintiffs' employment ended, Defendants issued Plaintiffs checks for amounts that Defendants believed represented all past wages allegedly due and owing to Plaintiffs.  Plaintiff Fontes' check was in the amount of $2,146.67, and Plaintiff Ruiz's check was in the amount of $2,342.33.  Both checks were cashed by Plaintiffs;

WHEREAS, on September 15, 2013, Plaintiffs filed an action in the United States District Court for the District of Arizona, 2:13-cv-01901-LOA ("Lawsuit"), asserting claims arising under the Fair Labor Standards Act ("FLSA") and Arizona law and seeking recovery of additional unpaid wages, liquidated, compensatory and punitive damages, and attorney fees.

WHEREAS, Defendants deny any liability under the asserted legal claims, and dispute that Plaintiffs are entitled to the requested relief, or any relief at all; and

WHEREAS, the parties desire to enter into an agreement that will avoid the expense and inconvenience of further proceedings;

NOW THEREFORE, for and in consideration of Plaintiffs' promises and forbearances, as well as the parties' covenants and undertakings hereinafter set forth, and for other good and valuable consideration, which each party hereby acknowledges, and intending to be legally bound, it is agreed as follows:

**I.  Defendants' Obligations**

A.  Defendants shall collectively pay Plaintiffs the gross amount of $12,000.00 (exclusive of attorneys' fees), payable to each Plaintiff as follows:  (i) the sum of $3,000.00, less applicable tax withholdings, shall be made payable to each Plaintiff as settlement for claimed unpaid wages, for which Defendants shall issue Plaintiffs an IRS Form W-2; (ii) the sum of $3,000.00 shall be made payable to each Plaintiff for claimed liquidated, compensatory and punitive damages, for which Defendants shall issue Plaintiffs an IRS Form 1099.  In addition, Defendants shall issue a payment in the amount of $2,500.00 to the Hernandez Law Firm, PLC for Plaintiffs' claimed attorney fees, for which Defendants shall issue the law firm an IRS Form 1099.  The payments described herein shall be issued within five (5) business days following the District Court's entry of an order dismissing the Lawsuit and Defendants' receipt of written confirmation that all pending government agency charges and complaints, including the charge filed with the National Labor Relations Board ("NLRB") has been withdrawn;

B.  Defendants avow and agree that they will not retaliate or take any adverse action

against Plaintiffs, including but not limited to, interfering with their ability to obtain employment with any prospective employer. To that end, Defendants will issue Plaintiffs a letter confirming their dates of employment and respond to any verbal reference inquiries by confirming only Plaintiffs' dates of employment. All such reference inquires, whether written or verbal, shall be directed exclusively to the attention of John Berry. Defendant Berry Bros. Firewood Co. will also expunge their personnel records of any information that reflects that their employment was involuntarily terminated; and

   C. Defendants will provide Plaintiffs with copies of their IRS Form W-2's for the years 2009-2012 at the same time that payment is made under Section A above.

## II. Plaintiffs' Obligations

   A. Plaintiffs shall cause the Lawsuit to be dismissed, with prejudice and any government charges or complaints, including the charge filed with the NLRB, to be withdrawn;

   B. Plaintiffs shall release and forever discharge, on behalf of themselves and their respective heirs, executors, administrators, and assigns, Defendants, affiliated and subsidiary entities, and each of their respective past, present, and future agents, members, managers, officers, directors, partners, principals, shareholders, owners, employees, spouses, attorneys, insurers, successors and assigns (collectively "<u>Released Parties</u>"), from, for and against any loss, liability, claim, demand, cost, obligation, or expense, known or unknown, accrued or contingent, existing from the beginning of time through the date of this Agreement arising out of or pertaining in any manner to Plaintiffs' status as an employee, and/or any other occurrence. This <u>FULL WAIVER AND RELEASE</u> includes, without limitation, all rights or claims arising under the Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Older Workers' Benefit Protection Act, the Americans With Disabilities Act, the Fair Labor Standards Act, the Family Medical Leave Act, the Equal Pay Act, Worker Adjustment and Retraining Notification Act ("WARN"), the Occupational Safety and Health Act, the Arizona Civil Rights Act, the Arizona Employment Protection Act, Arizona's Payment of Wages statute, or any other applicable state or federal statute, or any common law cause of action, including claims for breach of any express or implied contract, wrongful discharge, tort, personal injury, or any claims for attorney's fees or other costs. Plaintiffs further covenant and agree that upon receiving the benefits set forth in Paragraph I above, Defendants are not further indebted to them in any amount for any reason.

   C. Defendant Berry Bros. Firewood Co. has offered Plaintiffs reinstatement to their former positions and Plaintiffs have declined such offer. Plaintiffs agree not to seek or accept employment with Defendants at any time in the future. Plaintiffs agree that if such employment is sought or obtained, this Agreement shall constitute lawful and sufficient grounds for denying or terminating employment.

## III. Plaintiffs' Avowals

Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim, complaint, charge, or action against Defendants or any of the Released Parties, in any forum or form, other than the Lawsuit and NLRB Case No. 28-CA-112629, which Plaintiffs

have agreed to dismiss or withdraw as a material term of this settlement.  Plaintiffs further affirm that they have no known workplace injuries or occupational diseases resulting from their employment with the Defendants.

### IV.     Re-filing of the NLRB Charge

Defendants understand and agree that if Plaintiffs cause dismissal or withdrawal of the NLRB Charge and Defendants fail to comply with any the obligations set forth in Section I of this Agreement, Plaintiffs shall have the right to re-file the NLRB Charge.  If Plaintiffs re-file the NLRB Charge as a result of Defendants' failure to comply with the obligations set forth in Section I of the Agreement, Defendants understand and agree that by signing this Agreement, they are waiving the right to assert a "timeliness" defense under Section 10(b) of the National Labor Relations Act, which requires that the NLRB issue unfair labor practice charges be issued within six months of the unfair labor practice.

### V.      General Provisions

A.      Plaintiffs have consulted with an attorney of their choosing prior to executing this Agreement.  By Plaintiffs' signature below, they affirm that they have been given at least 21 days within which to consider this Agreement.  Plaintiffs may revoke this Agreement at any time within seven (7) days following their execution of the Agreement by sending written notice of revocation to Stacy Gabriel, Esq., Gabriel & Ashworth, PLLC, 10105 E. Via Linda, Suite 103, #392, Scottsdale, AZ 85258, on or before the expiration of the revocation period.  This Agreement shall not become effective or enforceable, and the benefits described in Paragraph I above shall not be due and owing, until the revocation period has expired.

B.      Nothing herein is an admission by Defendants or any of the Released Parties to any wrongdoing or violation of the law, and nothing in this Agreement is to be construed as such by any person.

C.      This Agreement shall be deemed drafted equally by all parties hereto.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and any presumption or other principle that the language herein is to be construed against any party shall not apply.  This Agreement shall be binding upon and inure to the benefit of the parties' heirs, administrators, representatives, executors, successors and assigns.

D.      This Agreement shall be governed in all respects, whether as to validity, construction, capacity, performance, or otherwise by the laws of the State of Arizona, and no action involving this Agreement may be brought except in the Superior Court of the State of Arizona or in the United States District Court for the District of Arizona.  The prevailing party in any action for breach of this Agreement shall be entitled to recover reasonable attorney fees and costs.

E.      If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable for whatever reason, the remaining provisions of this Agreement shall nevertheless continue in full force and effect without being impaired in any manner whatsoever.

F.      This Agreement constitutes the sole and entire agreement between the parties hereto, and supersedes any and all understandings and agreements made prior hereto, if any. There are no collateral understandings, representations, or agreements other than those contained herein.  No provision of this Agreement shall be amended, waived or modified except by an instrument in writing, signed by the parties hereto.

G.      Plaintiffs represent they have read and understand the contents of this Agreement, that no representations other than those contained herein have been made to induce or influence their execution of this Agreement, but that they execute this Agreement knowingly and voluntarily and upon independent advice of their own choosing.

DEFENDANTS

Date: _____                By: _____
John Berry, individually and on behalf of Drywood Plus, Inc.

PLAINTIFFS

Date: _____                _____
Joaquin Fontes

Date: _____                _____
Arturo Ruiz

**APPROVED AS TO FORM BY COUNSEL:**

Date: _____                _____
Isaac P. Hernandez
Counsel for Plaintiffs

Date: _____                _____
Stacy Gabriel
Counsel for Defendants